13784

GORDON v. ATLANTIC COAST LINE R. CO.

(174 S. E., 904)

*Mr. F. L. Willcox,* for appellant,

*Messrs. C. T. McDonald* and *Baker & Baker,* for respondent,

June 14, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Aaron Gordon, as plaintiff, against the defendant, Atlantic Coast Line Railroad Company, was commenced in the Court of Common Pleas for Florence County, February 15, 1932, for the purpose of recovering judgment against the defendant in the sum of $10,000.00, for injuries the plaintiff alleges he sustained while in the employment of the defendant, March 31, 1930, as a fireman on locomotive No. 1044, which locomotive was at that time operating between Myrtle Beach, S. C., by way of Chadbourn, N. C., and Florence, S. C., moving in interstate commerce, carrying freight for hire; and "that while on the aforesaid run, at a point located about ten miles from Florence Terminal, known as Winona, S. C., the crown sheet of the fire box, an essential part of the locomotive, failed and exploded while the locomotive was in operation, thereby emitting boiling water and steam with terrific force, compelling the plaintiff to jump from the engine cab on the embankment or railroad bed, adjoining the tracks of the defendant company, causing him serious, grevous and permanent bodily injuries, and resulting in serious and painful burns from escaping steam and boiling water, bruising and spraining his back, sustaining a severe lick upon the back of his head, and having the vision of his right eye seriously impaired by the scalding steam"; and that he was confined to his bed in a hospital in care of a physician, for many weeks, and the injuries he sustained have affected his ability to earn a living for himself and

family. The following are the specifications of negligence charged:

(a) Failure to provide a safe place to work;

(b) Failure to carefully and properly inspect the fire box of the engine or locomotive in question before sending it out on a trip;

(c) Failure to properly repair the left injector or to equip the locomotive with a new one after the defective injector had been reported as such;

(d) Failure of the defendant to properly repair the water glass of the said locomotive or equip it with a new one, after the defective water glass on the said locomotive had been reported as such;

(e) Failure of the defendant to keep a proper and adequate supply of water in the boiler of said locomotive;

(f) Failure of the defendant to wash out and keep clean the boiler of the aforesaid locomotive.

The action is based on and was tried under the provisions of the Federal Employer's Liability Act (45 U. S. C. A., §§ 51-59). The defendant denied all material allegations of the complaint and pleaded assumption of risk. Issues being joined, the case was tried at the May, 1933, term of said Court, before his Honor, Judge S. W. G. Shipp, and a jury, resulting in a verdict for the plaintiff in the sum of $2,000.00, and from the judgment entered thereon the defendant has appealed to this Court, imputing error to the trial Judge in the following particulars:

1. Failing to grant defendant's motion for a nonsuit, at the conclusion of plaintiff's testimony, based upon the ground that there was no testimony offered by the plaintiff tending to show that his injury was due to negligence on the part of the defendant in any of the particulars alleged in the complaint.

2. Refusing to direct a verdict at the conclusion of all of the testimony, on the ground that:

(a) Under all of the testimony it appears that the plaintiff was solely responsible for any injury that he sustained.

(b) There is no evidence of any negligence on the part of the defendant, or any of its employees, other than the plaintiff, which constituted, or could have constituted, a proximate cause of the injury which the plaintiff claims he sustained.

(c) The overwhelming weight of the evidence to the effect that the injury was due to the defendant's negligence is such that no reasonable person, giving due consideration to the evidence, could find otherwise.

As stated, the train to which the locomotive in question was attached was a freight train. The engineer thereon was T. Donaldson, and the plaintiff was serving as fireman on the train. They left Florence in the early morning of March 29, 1930, and passing through Chadbourn, N. C., they arrived at Myrtle Beach on the afternoon of said day. The following day being Sunday, the train lay over at Myrtle Beach until the morning of March 31, 1930, when, in charge of the same locomotive crew, it started out on its return trip to go to Florence, S. C., by way of Chadbourn, N. C., but when the train reached a point on the road called Winona, in South Carolina, the crown sheet of the fire box, of the locomotive in question, failed and exploded while the locomotive was in operation, causing injuries to the plaintiff in the manner alleged. In our opinion there was substantial testimony adduced at the trial which required the trial Judge to submit the issues to the jury, and from which the jury could reasonably reach the conclusion that the defendant was negligent in performing the duty it owed to the plaintiff in particulars alleged, resulting in injuries to the plaintiff as a proximate cause thereof. While the plaintiff had been in the employment of the defendant for some time, he had not served as fireman on the locomotive in question but once before the explosion. About two months before the trouble he served as fireman on this locomotive. The evidence is clear that this locomotive had been giving trouble, and that reports of such trouble had

been made to the proper authorities, and it is claimed by defendant that the defects, if defects they may be called, were remedied, but the evidence does not conclusively show this. In report No. 1 attention was called to the fact that the left injector did not function properly. This report was made March 21, 1930. The proper authorities reported that it had been fixed; that is, that the work had been preformed. It seems that something was done on the injector at that time, for when the next report was made on that locomotive, by the engineer who operated it, it seems to have been working, being reported good. However, it could not have been substantially fixed, because just a few days later, March 26, 1930, the injectors were reported bad. Those in authority again reported that the work had been performed. Were the defects remedied? Well, just five days later the explosion occurred; the plaintiff testified that there was something wrong with it; in fact, there appeared to be something wrong with it on the 29th, going down to Myrtle Beach. At least, the plaintiff could not keep the boiler, or engine, in proper working condition; the engine had great difficulty in keeping water. This fact was called to the engineer's attention and he, under whom plaintiff was working and should obey, directed the plaintiff to go ahead and perform his duties. The plaintiff obeyed instructions of the engineer, on the trip to Myrtle Beach and on his return trip. In the second and third reports referred to the water glass was reported in bad condition. There were also other parts shown in the reports to need repairing, and whether such other parts had anything to do with the explosion or not, the fact that such repairing was needed goes to show that the machinery connected with the locomotive, given the plaintiff to fire, was in very poor condition. These facts, taken in connection with the facts testified to by the plaintiff as to the difficulty he had in keeping the locomotive going on the trip in question, point to the conclusion that the defendant did not furnish the plaintiff safe machinery to work with, did not furnish him a safe

place in which to work, and did not exercise reasonable care fixing the machinery when defects were called to its attention. In this connection we again call attention to the fact that the plaintiff was not accustomed to working on the locomotive in question; had used it or worked on it but once before the trouble in question, and that was about two months before. Taking into consideration all of the evidence adduced at the trial of the case, we are satisfied that the trial Judge committed no error in submitting the issues to the jury.

The exceptions are therefore overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.